## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOSHUA BLASH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action** |
| | ) | **File No. 7:16-cv-190-HL-TQL** |
| **LT. SHADRICK BIVINS and** | ) | |
| **SHUNDA WOODS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Joshua Blash and, having obtained leave to amend (Doc. 46), hereby amends his Complaint by changing the casestyle to read as set forth above and changing the body of the Complaint to now read as follows:

## INTRODUCTION

1.

Plaintiff was brutally beaten and seriously injured by fellow inmates while he was incarcerated at Valdosta State Prison on October 10, 2015, for which Defendants are liable under the Eighth Amendment by reason of their deliberate indifference to a known risk of serious harm, thereby causing Plaintiff to suffer serious and permanently bodily injuries.

## PARTIES AND JURISDICTION

2.

Plaintiff Joshua Blash is a citizen and resident of the United States of America and the State of Georgia who was, at all times relevant herein, an inmate in the custody of the Georgia Department of Corrections.

3.

The Court has jurisdiction over this action.

4.

Venue is proper in this Court.

5.

At all times relevant herein, Defendant Shunda Woods was an administrator at Valdosta State Prison and an employee of the Georgia Department of Corrections who is subject to the jurisdiction of this Court. Said Defendant is sued for federal civil rights violations in her individual capacity and has been duly served with process in this action.

6.

At all times relevant herein, Defendant Lieutenant Shadrick Bivins was a correctional officer employed by the Georgia Department of Corrections who is subject to the jurisdiction of this Court. Said Defendant is sued for federal civil

rights violations in his individual capacity and has been duly served with process in this action.

7.

At all times relevant herein, the above captioned Defendants were acting under color of law and on behalf of the State of Georgia.

## **FACTS**

8.

On October 10, 2015, Plaintiff Joshua Blash was attacked and seriously injured by fellow inmates at Valdosta State Prison because they believed he was a "snitch" due to the actions of Defendants, who not only accused him of being a snitch in the presence of other inmates but who also refused to protect him from the known risk that he would be attacked after Blash complained about having been labeled a snitch.

9.

The chain of events giving rise to this claim began in July 2015 when Plaintiff complained to prison officials that staff members had improperly had allowed inmates from one dorm to cross over into another dorm to commit wrongful acts against other inmates.

## 10.

After Plaintiff complained about this conduct, Defendant Bivins stated in front of other inmates that Plaintiff was a snitch who was trying to get them in trouble.

## 11.

Defendant Bivins' accusation that Plaintiff was a snitch was repeated by inmates and staff members throughout the prison, which caused Plaintiff to fear that his life was in danger.

## 12.

The rumor that Plaintiff was a snitch made its way through the inmate population, which in fact exposed Plaintiff to a substantial risk of serious harm.

## 13.

When Plaintiff learned about the rumor started by Defendant Bivins and spread by others, he filed a timely grievance on or about July 10, 2015 warning prison officials that he feared for his life due to being labeled a snitch by Bivins and requesting that he be moved to another location at the prison.

## 14.

That grievance was not taken seriously and no corrective action was taken by Defendants or others.

15.

On July 22, 2015, Plaintiff filed statements and sworn affidavits in support of his grievance and he provided that information to Defendant Woods and other staff members.

16.

Plaintiff also personally voiced concerns for his personal safety to staff members on or about July 22, 2015, and he insisted that he be transferred to another location in the prison or be placed in protective custody due to having been labeled a snitch.

17.

Despite the fact that Defendant Woods could see that Plaintiff was placed in protective custody or transferred to another unit, and despite the fact that Plaintiff Bell was at obvious risk of serious bodily harm, Defendant Woods failed to take reasonable action to protect Plaintiff despite having knowledge that he had been outed as a snitch and would likely be targeted for violent retaliation, and despite having knowledge that Plaintiff had been previously been stabbed by an inmate on another occasion at the prison.

18.

On October 8, 2015, Defendant Bivins reminded inmates of the accusation

that Plaintiff was a "snitch" and told them that they should have "got" Plaintiff because he would "tell on y'all."

19.

Two days later, on October 10, 2015, Plaintiff was viciously assaulted during recreation time by a group of inmates who called him a "snitch" while they were beating him.

20.

In the assault, Plaintiff suffered two broken jaws and was transported to Atlanta Medical Center, where he underwent surgery and was hospitalized for two weeks, after which he was moved to Augusta Medical Prison. He was hospitalized for a total of two months, during which time he underwent plastic surgery, had metal plates put in, and had his jaws wired shut for two months.

## COUNT ONE

## EIGHT AMENDMENT CLAIM AGAINST LT. BIVINS

21.

At all times relevant herein, Defendant Bivins was deliberately indifferent to known risk of serious harm to Plaintiff Blash when he told inmates that Blash was a snitch while knowing that the inmates were likely to retaliate with violence against anyone identified as a snitch, and he in fact encouraged them to do so.

23.

The aforementioned misconduct of Defendant Bivins in knowingly subjecting an inmate to a substantial risk of harm constitutes deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment of the United States Constitution and other applicable law.

24.

Alternatively, Defendant Bivins' failure to take reasonable action to protect an inmate from a serious risk of harm of which said officer was subjectively aware – whether he caused it or not – also constitutes deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment of the United States Constitution and other applicable law.

25.

As a direct and proximate result of the aforementioned deliberate indifference of Defendant Bivins, Plaintiff Blash experienced severe pain and suffering that continues to this day and is expected to continue into the future, was forced to undergo medical treatment for which significant medical expenses have been incurred and will continue to be incurred in the future, and was deprived of his constitutional rights and human dignity, for which Plaintiff is entitled to recover compensatory damages from said Defendant in an amount to be proven at

trial and determined by the enlightened conscience of fair and impartial jurors.

26.

Because the aforementioned misconduct of Defendant Bivins rose to a level of deliberate indifference and willful or wanton disregard for his safety, Plaintiff Blash is also entitled to recover punitive damages in an amount to be determined by the enlightened conscience of fair and impartial jurors.

27.

Defendant Bivins is not entitled to qualified immunity because the law was clearly established by the consensus of legal authority in 2015 that it is an Eighth Amendment violation for a correctional officer to identify an inmate as a "snitch," to otherwise engage in conduct that knowingly subjects an inmate to a substantial risk of serious harm, or to fail to take reasonable action to protect an inmate from a substantial risk of serious harm of which the officer has actual knowledge.

28.

Prior to filing this lawsuit, Plaintiff followed the prison's grievance procedure by complaining about Bivins' conduct and effectively exhausted his administrative remedies under the Prison Litigation Reform Act.

29.

Plaintiff is entitled to recover attorney's fees from Defendant Bivins under

42 U.S.C. §1988.

## COUNT TWO

## EIGHTH AMENDMENT CLAIM AGAINST WOODS

### 30.

At all times relevant herein, Defendant Woods was deliberately indifferent to the rights and safety of Plaintiff Blash in failing to protect him from a known risk of violence in retaliation for his being identified as a snitch when she had a duty to take corrective action.

### 31.

The aforementioned misconduct of Defendant Woods in knowingly failing to protect Plaintiff Blash when there was good reason to believe that he was in fear of his life constitutes deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment of the United States Constitution and other applicable law.

### 32.

As a direct and proximate result of the aforementioned deliberate indifference of Defendant Woods, Plaintiff Blash experienced severe pain and suffering that continues to this day and is expected to continue into the future, was forced to undergo medical treatment for which medical expenses have been

incurred and will continue to be incurred in the future, and was deprived of his constitutional rights and human dignity, for which Plaintiff is entitled to recover compensatory damages from said Defendant in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

33.

Because the aforementioned misconduct of Defendant Woods rose to a level of deliberate indifference, Plaintiff Blash is also entitled to recover punitive damages from her in an amount to be determined by the enlightened conscience of fair and impartial jurors.

34.

Defendant Woods is not entitled to qualified immunity because the law was clearly established in 2015 that it is an Eighth Amendment violation for a prison official to be deliberately indifferent to an inmate's known risk of assault, or to otherwise fail to take reasonable action to protect an inmate from a substantial risk of serious harm of which the official has actual knowledge, including but not limited to the danger of assault faced by an inmate who has been labeled a snitch by a staff member.

35.

Plaintiff exhausted his administrative remedies under the Prison Litigation

Reform Act prior to filing this lawsuit.

36.

Plaintiff is entitled to recover attorney's fees from said Defendant under 42 U.S.C. §1988.

**A JURY TRIAL IS DEMANDED.**

WHEREFORE Plaintiff demands as follows:

a)     That this action be tried by a jury;

b)     That judgment be entered in favor of Plaintiff and  against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c)     That Plaintiff be awarded reasonable attorney's fees and reasonable expenses of litigation;

d)     That all costs of this action be taxed against Defendants as to all Counts; and

e)     That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 2nd day of February, 2018.

> */s/ Craig T. Jones*
> CRAIG T. JONES
> Ga. Bar No. 399476
> Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
craigthomasjones@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Second Amended

Complaint via the Court's E-filing system upon the following counsel of record:

Elizabeth M. Crowder, Esq.
Assistant Attorney General
State Law Department
40 Capitol Square, SW
Atlanta, GA 30334

This the 2nd day of February, 2018.

*/s/ Craig T. Jones*

_____

CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
craigthomasjones@outlook.com