IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSHUA BLASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 7:16-cv-190-HL-TQL |
| LT. SHADRICK BIVINS and | ) | |
| SHUNDA WOODS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Plaintiff in the above-styled action, and respectfully move the Court for an Order in Limine prohibiting all parties, counsel, or witnesses from making reference to the following matters in the presence of the jury, whether during voir dire, opening statement, during the testimony of any witness, or during any argument or statement of an objection.

1.

Any mention of arrests, convictions, or incarcerations of Joshua Blash other than the fact that he is a convicted felon, which Plaintiff is willing to stipulate. The felony conviction has no probative value other than impeachment under Rule 609, and the nature of crime adds nothing but prejudicial impact that would tend to

inflame the jury. Because the prejudicial impact of a conviction for rape or other heinous crime outweighs the probative value of any details beyond the fact that Plaintiff is a convicted felon, the nature of his crimes should be excluded under Rule 403. *See, e.g., Morello v. James*, 797 F. Supp. 223, 228 (W.D. N.Y. 1992) (admitting the fact that the plaintiff had a felony conviction but excluding the fact that it was for sexual offenses). Accordingly, Plaintiff proposes that there should be no evidence relating to his criminal history other than the reading of a stipulation to the jury that Plaintiff is a convicted felon. In that vein, there should also be no testimony or other evidence relating to the length of Plaintiff's sentence or his time left to serve, nor should the Court allow the admission of any records from Plaintiff's inmate file containing any information about his criminal history.

2.

Plaintiff's past disciplinary history as an inmate is also irrelevant under Rule 401. Even if Plaintiff's conduct or alleged conduct on other occasions involving other facts, circumstances, and personalities has any arguable relevance, its probative value is outweighed by its prejudicial impact and should be excluded under Rule 403.

3.

Plaintiff's past grievance history as an inmate is also irrelevant under Rule

401. Even if Plaintiff's conduct or alleged conduct on other occasions involving other facts, circumstances, and personalities has any arguable relevance, its probative value is outweighed by its prejudicial impact and should be excluded under Rule 403.

4.

Plaintiff's past lawsuit and claims history is also irrelevant under Rule 401. Even if Plaintiff's conduct or alleged conduct on other occasions involving other facts, circumstances, and personalities has any arguable relevance, its probative value is outweighed by its prejudicial impact and should be excluded under Rule 403.

5.

Comments about inability to pay a judgment or the financial circumstances of Defendants are irrelevant under Rule 401. Because the existence or nonexistence of liability insurance is inadmissible, defense counsel may be tempted to make arguments or comments to the jury such as "my client does not make much money" or "a verdict could financially ruin my client." The worldly circumstances of a defendant, and his or her ability to pay a judgment, are clearly irrelevant, and juries are not permitted to speculate about the financial consequences of their decisions. The only exception would be on the issue of punitive damages, but since any judgment would not be paid

by the individual Defendants themselves, such comments could open the door to informing the jury that the money would come from the state's liability insurance.

6.

Any comment, implication, or innuendo that higher taxes or insurance premiums might result from a verdict in favor of the Plaintiff, including any implication, however indirect, that the cost of a verdict in favor of the Plaintiff would be borne by the public in any way would be irrelevant under Rules 401 and 403. The jury should be focused on the truth of its verdict, not the consequences.

7.

Any comparison of this case to other claims, cases, injuries, settlements, or verdicts, and including any experience of counsel in other cases or claims, would be irrelevant under Rule 401. This would include any reference to cases reported in the news media, or to the parties, attorneys, or outcomes in those cases. It is axiomatic that the jury needs to base its verdict on the facts of this case only, and not on other cases that may arouse strong feelings one way or the other.

8.

Comment upon or reference to, directly or indirectly, arrangements between Plaintiff and her attorneys for the payment of attorneys' fees, or the existence of any contingent fee arrangement between the Plaintiffs and their counsel would be

irrelevant under Rule 401. Plaintiffs seek to prohibit any comment upon or reference to the possibility of a contingency fee arrangement in the presence of the jury. Such would be highly improper and prejudicial to the Plaintiffs. *See Stoner v. Eden*, 199 Ga. App. 135, 404 S.E. 2d 283, *cert. den.* (1991).

In *Stoner*, the defense attorney stated in closing argument that the higher the verdict goes, the higher the fee for the plaintiff's attorney goes. The plaintiff's attorney will get a "piece of the pie". The defense attorney commented that the plaintiff's attorney got a "contingent interest in the case". The Court of Appeals ruled that, "Defense counsel's remarks were totally improper and such remarks had no relevance to any issue of liability or damages in the case." Consequently a jury may not consider Plaintiff's attorney's fees when awarding damages. "It would be improper for a jury to increase the award as to cover these expenses, just as it would be improper to refuse a just award just because an attorney would share in it." The source of payment of attorney's fees is irrelevant to the issue of damages. Evidence of it is inadmissible and "argument would be doubly wrong." 195 Ga. App. at 137.

9.

Any comparison of a lawsuit to playing the lottery, or any similar analogy that trivializes the judicial process would be impermissible under Rules 401 and

5

403. That should go without saying, but such arguments have become more prevalent in recent years. Any such argument should be excluded under general principles of relevance even if no case has addressed it.

The Supreme Court of South Dakota considered such an argument in *Schoon v. Looby*, 2003 S.D. 123, 670 N.W. 2d 885 (2003), where defense counsel referred in closing to the plaintiffs' quest for "lotto or power ball or whatever they call it, let's really roll the dice big." 670 N.W. 2d at 890. In granting plaintiff a new trial, the South Dakota Supreme Court wrote:

> Defense counsel's accusation that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself. The comments denigrated the fairness, integrity and public perception of the judicial system. <u>Counsel's reference to playing lotto or power ball, or</u> rolling the dice, were only meant to inflame the jury and were <u>beyond the bounds of proper final argument.</u> These comments would not have gone unheeded by the jury. The judge and jury rely on the lawyers to present their arguments to help the jury sort out the evidence and understand how the law applies to the facts. Interposing remarks such as we see here add nothing to that objective, and can only be meant to persuade the jury to decide the case based on passion and prejudice.

*Id. at 891* (emphasis supplied). Because of the prejudicial and inflammatory nature of such an argument, any suggestion that Plaintiffs' interest is in such things as "hitting it big, gambling, or playing the lottery" - rather than in compensation for actual injuries sustained - should be precluded as demeaning not only to the plaintiff, but to the judicial system itself.

10.

Any reference or suggestion that Defendants are sorry or regret the occurrence in question is inadmissible under Rules 401 and 403 because such a suggestion is an improper appeal for jury sympathy toward them. Such apology invites the jury to disregard its duty to apply the legal measure of damages by awarding such damages as the evidence shows have been caused by such Defendant's misconduct and base a verdict on improper considerations. *Adams v. Camp Harmony Association*, 190 Ga. App. 506, 508 (1989); *Gielow v. Strickland*, 185 Ga. App. 85, 86 (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); *Central of Georgia Railway v. Swindle*, 260 Ga. 685, 687 (1990) (trial should not be invaded by improper considerations). By the same token, Plaintiff will not comment upon Defendants' lack of an apology.

11.

Any reference to or suggestion that this Motion in Limine has been presented to the Court, or ruled upon by the Court. Counsel should be instructed not to suggest to the jury in any way that Plaintiffs have sought to exclude from proof any relevant matters concerning this case. Pre-trial motions are irrelevant to the trial of the case, and it would be improper for the jury to base its verdict on anything other than the evidence admitted upon the trial of the case.

WHEREFORE, Plaintiff prays that an Order be entered granting the relief sought herein, and in the event opposing counsel desires to make offers of proof, that such matters be taken up at an appropriate time outside the presence of the jury.

Respectfully submitted this 28th day of December, 2018.

/s/ Craig T. Jones
CRAIG T. JONES
Attorney for Plaintiff
Georgia Bar No. 399476

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
craigthomasjones@outlook.com

# CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Plaintiff's Motion in Limine to the following counsel via electronic filing:

> Elizabeth M. Crowder, Esq.
> Assistant Attorney General
> State Law Department
> 40 Capitol Square, SW
> Atlanta, GA 30334

This the 28th day of December, 2018.

*/s/ Craig T. Jones*

_____
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
craigthomasjones@outlook.com