# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSHUA BLASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 7:16-cv-190-HL-TQL |
| LT. SHADRICK BIVINS and | ) | |
| SHUNDA WOODS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendants in the above-styled action, by and through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and respond to Plaintiff's motion in limine (Doc. 52) as follows:

**1.**

Rule 609 generally requires that evidence of a witness's prior felony convictions be admitted to attack the witness' credibility. *See* Fed. R. Evid. 609(a)-(b). While such evidence is subject to the Rule 403 balancing test, "[t]he implicit assumption of Rule 609 is that prior felony convictions have probative value." *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998). While the probative value may vary based on the nature and number of convictions, the Eleventh Circuit has clearly stated, "we are certain that the jury should [be] given the opportunity to make that decision." *Id.* Accordingly, the Eleventh Circuit has held that "Rule 609(a)(1) requires the trial court to admit evidence of the nature and date of each conviction." *Id.*

While evidence otherwise admissible under Rule 609(a)(1) is to be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" such exceptions do not exist in this case. *See* Fed.R.Evid. 403, 609. Although Rule 403 allows courts to exclude evidence that is relevant and probative, it is "an extraordinary remedy which should be used sparingly." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014). Accordingly, "the balance should be struck in favor of admissibility" and courts must "look at the evidence in a light most favorable to admission, maximizing its probative values and minimizing its undue prejudicial impact." *Id*. Thus, "district court's 'discretion to exclude evidence under Rule 403 is narrowly circumscribed.'" *Id*. (citing *United States v. Smith*, 459 F.ed 1276, 1295 (11th Cir. 2006). Here, the probative value of Plaintiff's convictions are not substantially outweighed by the purported dangers. Plaintiff's prior convictions should be admitted.

**Paragraphs numbered 2-11:**

Defendants do not intend to introduce any such evidence as described in the remaining portions of Plaintiff's Motion in Limine.

For the foregoing reasons, Defendants submit that Plaintiff's Motion in Limine should be denied in part.

Respectfully submitted this 4th day of January, 2019.

| | |
|---|---|
| CHRISTOPHER M. CARR | 112505 |
| Attorney General | |
| | |
| KATHLEEN M. PACIOUS | 558555 |
| Deputy Attorney General | |

[SIGNATURES CONTINUED ON NEXT PAGE]

/s/ Susan E. Teaster
SUSAN E. TEASTER                701415
Senior Asst. Attorney General

*/s/ Elizabeth M. Crowder*
ELIZABETH M. CROWDER            100809
Assistant Attorney General

Attorneys for Defendant

Please Serve:
Elizabeth M. Crowder
Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
ecrowder@law.ga.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(706) 678-2364
craigthomasjones@outlook.com

This 4th day of January, 2019.

                                            */s/ Elizabeth M. Crowder*
                                            ELIZABETH M. CROWDER    100809
                                            Assistant Attorney General