IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JOSHUA BLASH**, <br><br> Plaintiff, <br><br> v. <br><br> **LT. SHADRICK BIVINS and SHUNDA WOODS**, <br><br> Defendants. | Civil Action No. 7:16-CV-190 (HL) |

**ORDER**

A pretrial conference was held in this case on March 28, 2019. During the conference, the Court heard several pending motions. This Order memorializes the Court's rulings from the bench and resolves several motions previously reserved by the Court.

**I.   PLAINTIFF'S MOTIONS IN LIMINE (Doc. 52)**

**A.   Plaintiff's Criminal History**

Plaintiff moves the Court to exclude evidence of any of his prior arrests, convictions, or incarcerations. Plaintiff is prepared to stipulate that he is a convicted felon. However, he argues that the introduction of his criminal history, in particular his convictions for rape and sodomy, have no probative value beyond the fact that he is a convicted felon and would serve no purpose other than to infame the emotions of the jury against him. Plaintiff further moves the

Court to exclude any evidence concerning the length of his sentence. While Defendants state that they have no intention of delving into the particulars of Plaintiff's prior convictions, Defendants do plan to introduce into evidence Plaintiff's prior indictments and certified convictions. Defendants argue that the law favors the admissibility of these records.

Federal Rule of Evidence 609(a) governs the admissibility of a criminal conviction when it is offered for impeachment purposes. Under Rule 609(a), evidence of a criminal conviction for a crime that is punishable by death or by imprisonment for more than one year must be admitted. Fed.R.Evid. 609(a). Nevertheless, evidence introduced pursuant to Rule 609(a) is still subject to the balancing test of Rule 403, which provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

"The implicit assumption of Rule 609 is that prior felony convictions have probative value." United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998). "Their probative value, however, necessarily varies with their nature and number." Id. (citation omitted). For example, "[c]rimes involving dishonesty or false statement are often more probative of the witness's lack of credibility than even more serious crimes involving violence." United States v. Cathey, 591 F.2d

268, 276 (5th Cir. 1979). Here, Plaintiff moves for the exclusion of any reference to his convictions for rape and sodomy. "Rape is not a crime involving dishonesty or false statement." McCorvey v. Alabama River Cellulose, LLC, 2014 WL 5528219, at *2 (S.D.Ala. Nov. 3, 2014) (quoting Czajka v. Hickman, 703 F.2d 317, 319 n.1 (8th Cir. 1983)). And "we hardly need state that rape and sexual assault convictions are among the most prejudicial types of information the jury could learn about a plaintiff in a civil suit." Id. (quoting Scott v. Lawrence, 36 F.3d 871, 874 (9th Cir. 1994)).

In this case, Plaintiff alleges that Defendants were deliberately indifferent to the known risk of serious harm posed by Defendant Bivins labeling Plaintiff a "snitch." As a result of this indifference, Plaintiff avers that he was brutally beaten by other inmates and suffered a broken jaw. While the fact of Plaintiff's prior criminal conviction may be inherently probative of his credibility, upon performing the balancing required by Rules 609(a) and 403, the Court concludes that informing the jury of the nature of the convictions will prove more prejudicial than probative and is likely to have the effect of inflaming the jury and "distract[ing] the jury from its task without adding any real probative information to their deliberations." United States v. Ford, 17 F.3d 1100, 1103 (8th Cir. 1994).

Accordingly, Court **GRANTS** Plaintiff's motion to exclude testimony or evidence concerning the nature of his convictions. The Court will permit Plaintiff to stipulate that he is a convicted felon. However, the Court **DENIES** Plaintiff's

motion to exclude any testimony or evidence relating to the length of Plaintiff's sentence. The Court will allow Defendants to inquire about the date of Plaintiff's convictions and the length of his sentence.

### B. Plaintiff's Remaining Motions in Limine

Defendants do not intend to introduce any evidence as described in Plaintiff's Motions in Limine Two through Eleven. Accordingly, those motions are **GRANTED**.

## II. DEFENDANTS' MOTIONS IN LIMINE (Doc. 53)

### A. Any Alleged Prior Bad Acts of Defendant Shadrick Bivins

Defendant Bivins moves the Court to exclude any evidence or testimony of any allegations of prior bad acts or wrongs by Defendant Bivins. Plaintiff does not object to Defendant's motion. The motion therefore is **GRANTED**.

### B. Hearsay Statements

Defendants move the Court to exclude any witness statements that may contain inadmissible hearsay. While the motion itself is nonspecific, further discussion revealed that the general purpose of this motion is to exclude any hearsay statements contained within the medical records Plaintiff intends to introduce into evidence. The parties agree to review the medical records and to work jointly to redact the records as appropriate. The Court otherwise **RESERVES** ruling on this motion.

### C. Evidence, Testimony, or Other Reference by Witnesses Who Have No Personal Knowledge of the Events

Defendants move the Court to exclude any testimony that is based on conclusory opinions, gossip, or hearsay rather than on the personal knowledge of the witness. Again, this generalized objection was not raised as to any particular witness. The Court accordingly **RESERVES** ruling on the motion and will wait to hear the evidence.

### D. Evidence, Testimony, or Other Reference to Any Alleged Action or Inaction by the State of Georgia, the Georgia Department of Corrections, and/or Any Other Individual Not a Party to This Action

Defendants move to exclude any testimony or evidence concerning the action or inaction of the Georgia Department of Corrections ("GDOC"), the State of Georgia, or any other person or entity who is not a party to this action. The Court **RESERVES** ruling on this motion.

### E. Insurance Coverage

Defendants move to exclude any evidence that Defendants are insured against potential liability to Plaintiff. Plaintiff does not object to this motion. The motion accordingly is **GRANTED**.

### F. Prior Undisclosed Witnesses

Defendants move the Court to exclude the testimony of any witness not previously identified by Plaintiff. With the exception of any potential rebuttal witnesses, Plaintiff does not object to the motion. The motion is **GRANTED**.

5

### III. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS (Doc. 56)

Defendants filed a notice of their objection to Plaintiff's proposed Exhibit 9, which includes medical records that at the time had not yet been produced. Plaintiff has now provided the records to Defendants. The parties agree to review the medical records to attempt to resolve any evidentiary issues prior to trial.

### IV. VOIR DIRE

Plaintiff does not object to any of Defendants' proposed voir dire questions.

Defendants object to the following voir dire questions proposed by Plaintiff: 3, 9, 11, 12, 13, 14, 16, 17, 21-24. The Court will review these questions and will address them with counsel before the start of trial.

**SO ORDERED** this 23rd day of April, 2019.

                       *s/ Hugh Lawson*
                       **HUGH LAWSON, SENIOR JUDGE**

aks